IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Wayne Boyd and | ) | Civil Action No.: |
| Whitfield R. Boyd, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | (Nonjury) |
| | ) | |
| | ) | |
| Sysco Corporation, | ) | |
| Sysco Corporation Group Benefit Plan, | ) | |
| and United Behavioral Health, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Wayne Boyd and Whitfield Boyd, complaining of the Defendants, would respectfully show that:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Wayne Boyd is a citizen and resident of Florence, South Carolina, and is a participant in the Plan described below.

2. Plaintiff Whitfield Boyd is a citizen and resident of Florence, South Carolina, and is a beneficiary of the Plan described below.

3. Defendant Sysco Corporation ("Sysco") is the employer of Plaintiff Wayne Boyd, the sponsor, trustee, and fiduciary of the Sysco Corporation Group Benefit Plan, and a corporation doing business in Florence County, South Carolina.

4. Defendant Sysco Corporation Group Benefit Plan ("the Plan") is an ERISA-governed plan

sponsored and administered by Defendant Sysco Corporation. It is the Plan in which Plaintiffs were participants/beneficiaries during the relevant time period and through which the benefits at issue were offered. The Plan in which Plaintiff participated is subject to jurisdiction in this Court because it covered individuals residing in Florence County, South Carolina.

5. Defendant United Behavioral Health ("UBH") is the insurer of the Plan, and the entity that made the benefits determination.

6. This Court has subject matter jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1331 (federal question), and 29 U.S.C. § 1001, et seq. (ERISA).

7. Venue is proper in this Court in that the Defendants can be found in the District of South Carolina, and in the Florence Division in that the Defendants do business relating to the acts alleged herein in Florence County, South Carolina. 29 § U.S.C. § 1132(e)(2); Local Rule 3.01(A)(1) (D.S.C.).

## BACKGROUND/FACTUAL ALLEGATIONS

8. Plaintiff Wayne Boyd was employed by Sysco during the relevant time period, in 2010 and following.

9. An employee of Defendant Sysco, Plaintiff Wayne Boyd was provided with health insurance benefits coverage through a plan sponsored and administered by Sysco.

10. Sysco chose to provide those benefits through an insurance policy purchased from Defendant UBH and/or its corporate affiliates.

11. Plaintiff Wayne Boyd timely paid all necessary premiums for participation in the Plan, including its behavioral health benefits.

12. Wayne Boyd was a participant in the Plan.

13. Wayne Boyd's son Whitfield Boyd was covered under the terms of the Plan and its insurance policy as a beneficiary.

14. During 2010 Whitfield Boyd encountered serious and life-threatening behavioral health issues that required treatment.

15. The precise nature of those issues are, for privacy reasons, left unstated here, but required immediate attention.

16. In 2010, while a beneficiary of the Plan, Whitfield Boyd was admitted to a facility in California ("the facility") for treatment of those issues.

17. Whitfield Boyd's treatment was covered under the terms of the Plan, as Wayne Boyd was informed by a representative of UBH.

18. UBH subsequently denied the claim for benefits.

19. Plaintiffs bore the full financial responsibility for the covered expenses.

20. Plaintiffs have exhausted their administrative remedies, timely filing and appealing each denial. The last denial was dated February 6, 2013, and received February 11, 2013.

### FOR A FIRST CAUSE OF ACTION
(Failure to Pay Benefits Due)
(29 U.S.C. § 1132(a)(1)(B))

21. All prior allegations of this Complaint are realleged and incorporated herein by reference.

22. Plaintiffs seek health insurance benefits under an ERISA health benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

23. Plaintiff respectfully requests that the Court consider the administrative record, applicable Plan documents, any other documents relevant to Plaintiffs' claims for benefits for

treatment rendered by the Facility, and any other relevant evidence and declare, pursuant to 29 U.S.C. § 1132(a)(1)(B), that Plaintiff is entitled to the benefits she seeks under the terms of the plan, and award those benefits. Further, Plaintiff respectfully requests that the Court award attorney's fees and costs pursuant to 29U.S.C. § 1132(g) and pre-judgment interest. In the alternative, Plaintiff would seek a remand to the claims administrator for a full and fair review.

### FOR A SECOND CAUSE OF ACTION
(Failure to Provide Requested Information)
(29 U.S.C. §§ 1024(b)(4), 1132(a)(1)(A), 1132(c))

24. All prior allegations are realleged and incorporated herein by reference.

25. On November 19, 2012, Plaintiff, through counsel, made a written request to Defendant United Behavioral Health for, inter alia, "a full copy of the administrative record."

26. Regulations provide that "a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. 2560.503-1 (h)(2)(iii).

27. Pursuant to 29 U.S.C. § 1024(b)(4) and 1132(c), Defendant was required to provide such documents to the Plaintiff within thirty days.

28. Defendant did not provide such requested documentation, thwarting Plaintiffs' opportunity to respond in a meaningful manner during the administrative phase, and entitling Plaintiff to the statutory penalty.

29. Defendant thereby violated 29 U.S.C. § 1024(b)(4) and 1132(c), entitling Plaintiff to a statutory award of damages in the amount of $100 per day from the date of the violation.

WHEREFORE, Plaintiff prays for judgment against Defendants to include (1) a determination that the benefits are covered and payable; (2) the full benefits payable under the terms of the applicable Plan; (3) the statutory penalty for failure to provide requested information; (4) an award of attorneys' fees and costs, (5) prejudgment interest; and (6) such other and further relief as the Court deems just and proper.

S/ Blaney A. Coskrey, III
Blaney A. Coskrey, III # 5421
1201 Main Street, Suite 1980
Columbia, South Carolina 29201
(803) 748-1202
Coskreylaw@sc.rr.com

ATTORNEYS FOR PLAINTIFFS
WAYNE BOYD AND WHITFIELD R. BOYD

Columbia, South Carolina
March 6, 2013