IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wayne Boyd and Whitfield Boyd, ) | |
| ) | Civil Action No. 4:13-cv-00599-RBH |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Sysco Corporation, ) | |
| Sysco Corporation Group Benefit ) | |
| Plan, and United Behavioral Health, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court in this ERISA action is Plaintiff's [15] Motion for Discovery. The Complaint in this action alleges causes of action for (1) failure to pay benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and (2) failure to provide requested information pursuant to 29 U.S.C. § 1024(b)(4), 1132(a)(1)(A), and 1132(c).[1] The Answer asserts various defenses including the defense that the claim submitted did not meet the medical necessity requirements of the plan.

An ERISA Case Management Order was filed on April 23, 2013. The Joint Certification was filed on June 24, 2013 (ECF No. 8). In the Joint Certification, counsel indicated that, "during the consultation Plaintiffs' counsel took the position that the administrative record produced by Defendants was incomplete" on the basis that certain communications from the plaintiff were missing. The Joint Certification further indicated that the administrative record produced by the defendants did not contain the governing Plan document; it only contained the Summary Plan Description. The parties indicated that they were not in agreement on the appropriate standard of review, partially for the reason that

---

[1] The court may impose a penalty of up to $110 per day from the date of the failure to provide the information. *See* 29 C.F.R. Section 2575.502c-1.

1

4:13-cv-00599-RBH     Date Filed 07/03/14     Entry Number 19     Page 2 of 7

Plaintiffs could not ascertain whether a conflict of interest existed based upon the record produced. Plaintiffs requested Defendants to provide the "documents defining the relationship between Sysco, the Plan, and United Behavioral Health." Finally, the Joint Certification states that Plaintiffs also have a claim for failure to provide requested information, "which may require a different means of resolution as well as information not within the record of the administrative processing of the claim."

The plaintiffs allege that Plaintiff Wayne Boyd was an employee of Defendant Sysco Corporation and that his dependent Plaintiff Whitfield Boyd was an insured under a group plan sponsored by Defendant Sysco Corporation. Plaintiffs further allege that Defendant United Behavioral Health is the insurer of the plan and the entity which made the benefits determination. They further allege that a claim for certain behavioral health treatment received by Whitfield Boyd was denied by UBH.

Plaintiffs request the Court to allow them to conduct written discovery and a 30(b)(6) deposition on the following issues: "(1) Defendants' compilation of the record, including its now-conceded incompleteness; (2) The Plan document, and why it was not produced as ordered by this Court prior to Plaintiffs' insisting that such a document must exist; (3) Any claims management guidelines applicable to or considered by any of the Defendants; (4) The facts behind other health claims for which UBH provided claims processing services; (5) The failure to respond to the request for documents made in November 2012, for which a statutory penalty applies." (ECF No. 15, p. 1) Plaintiffs also request leave to serve Requests to Admit on the defendants regarding their claim seeking imposition of the statutory penalty for failure to respond to a request for documents. In addition, Plaintiffs request leave to be allowed written discovery and a 30(b)(6) deposition concerning conflict of interest or bias. (ECF No. 15-1, p. 9)

2

Defendants contend that, under the abuse of discretion standard, the court must only consider the administrative record. They assert that there is no "structural conflict of interest between the party evaluating and the party paying the claims." (ECF No. 16, p. 3) They also assert that their failure to include various documents in the administrative record was an administrative oversight.

If a plan does not grant the administrator discretionary authority, then district courts review the administrator's decision *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989); *Woods v. Prudential Ins. Co. of America*, 528 F.3d 320 (4th Cir. 2008). When a court reviews the matter *de novo*, the court may "in its discretion . . . allow evidence that was not before the plan administrator . . . when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993). "Generally, consideration of evidence outside of the administrative record is inappropriate when a coverage determination is reviewed for abuse of discretion." *Helton v. A T & T, Inc.*, 709 F.3d 343 (4th Cir. 2013).

In *Helton*, the Fourth Circuit further explained the standards for consideration of extrinsic evidence on deferential review.

> However, a closer review of our precedent demonstrates that we have taken a more nuanced approach to consideration of extrinsic evidence on deferential review, rather than embracing an absolute bar. In particular, in discussing what evidence may be considered, we generally have focused on whether evidence was known to the administrator when it rendered its decision, not whether it was part of the administrative record . . .
> Had *Sheppard*[2] allowed plan administrators the unchecked opportunity to pick and choose what evidence in their possession to include in the administrative record . . . we would have effectively surrendered our ability to review ERISA benefits determinations because plan administrators could simply omit any evidence from the administrative record that would suggest their decisions were unreasonable.

---

[2] *Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994).

*Helton*, 709 F.3d at 352-353.

As also noted by the Fourth Circuit in *Helton*, district courts must consider eight factors in evaluating whether a plan administrator has abused its discretion. Those are:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Booth v. Wal-Mart Stores, Inc. Associates Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000).

In *Helton*, the Fourth Circuit specifically recognized that "one can envision many circumstances in which a court would need to look to extrinsic evidence to evaluate the adequacy of the administrative record, as is required by the third factor, or the impact of a plan fiduciary's conflict of interest, as is required by the eighth factor." Further, the Fourth Circuit in *Helton* cited *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008) for the proposition that "although courts may consider an administrator's conflict of interest in assessing the reasonableness of a benefits decision, they may not change the applicable standard of review, because of such a conflict. . . As a result, it became all the more important for courts to have access to adequate evidence to assess, for example, how a conflict of interest may have impacted the adequacy of the administrative record . . ." The Fourth Circuit accordingly held:

> In sum . . . a district court may consider evidence outside of the administrative record on abuse of discretion review in an ERISA case when such evidence is necessary to adequately assess the *Booth* factors and the evidence was known to the plan administrator when it rendered its benefits determination . . . [W]e have not had occasion to clearly address when a plan administrator can be charged with knowledge of evidence outside of the administrative record. Nonetheless, the general rule is that corporate entities, like plan administrators, have knowledge of two types of information.

4

*Helton*, 709 F.3d at 365.

The court in *Helton* then states that corporations are charged with the knowledge of corporate employees acting within the scope of their employment and also with constructive knowledge of the contents of their records.

Turning to the discovery sought by the plaintiffs at Page 9 of their memorandum, they seek additional information relevant to the conflict of interest question. Plaintiffs argue that to allow a full analysis of the bias/conflict of interest issue, they need to know the "level of exposure of Sysco" and "the existence of any limits on that exposure". They also seek information as to the manner in which UBH is compensated, since the manner in which UBH is compensated is relevant to the bias/conflict of interest question.[3] While Defendants argue that there is simply no conflict of interest to be considered because Sysco is a self-funded plan, and it contracted with UBH to serve as the claims administrator, the plaintiffs should be allowed to review a copy of the <u>entire</u> services agreement between UBH and Sysco and a copy of their compensation agreement if separate from the services agreement. This is relevant to the conflict of interest analysis. *See Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008); *Helton*, 709 F.3d at 354; *Yelton v. Scansource, Inc.*, No. 6:13-1081-HMH, 2013 WL 6064108 at *12 (D.S.C. November 18, 2013); and *Bruce v. Hartford*, No. 1:14cv18 (JCC/TRJ), 2014 WL 1744827 at *6 (E.D.Va. May 1, 2014). The Court will allow a request for production regarding a complete copy of the services agreement and compensation agreement.

The Court will also allow a request for production of the entire administrative record. This is

---

[3] Plaintiffs indicate that the defendants gave them a copy of a services agreement "to satisfy Plaintiffs that the plan is self-funded, but the compensation arrangement was either not a part of that agreement, or the agreement was deliberately truncated to eliminate the financial terms." (ECF No. 15-1, p. 9, note 1)

relevant to the third *Booth* factor. The Court will also allow one interrogatory requesting an explanation of the reason why the plan document was not originally produced. This discovery is pertinent to the second cause of action under 29 U.S.C. Section 1132(c).[4]

The Court will also allow a request for production of the plan document if not already produced and claims management guidelines that were relied upon in making the benefit determination or which constitute a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination. *See* 29 C.F.R. § 2560.503-1(h)(2)(iii) and (8). This would be relevant to *Booth* factors 4 and 5. *See Mullins v. AT&T Corp.*, Nos. 04-2135, 04-2136, 07-1717 at *3-4, 290 Fed. Appx. 642, 2008 WL 4073848, Nos. 04-2135, 04-2136, 07-1717 (4th Cir. Sept. 3, 2008). If needed to protect against disclosure of proprietary information, defense counsel may submit a consent protective order to the Court.

The Court denies the request for written discovery regarding the facts behind other health claims for which UBH provided claims processing services. The plaintiff has not made a sufficient showing to require this discovery.

The Court will allow up to five requests for admissions regarding and limited to the failure to respond to the request for documents made in November 2012, for which a statutory penalty may apply as to the second cause of action.

After careful consideration of this matter, the Court finds that limited discovery should be allowed as set forth herein. All discovery is to be completed by September 1, 2014. Again, should

---

[4] "Two factors generally guide [the] district court's discretion: prejudice to the plaintiff and the nature of the administrator's conduct in responding to the participant's request." *Davis v. Featherstone*, 97 F.3d 734, 738 (4th Cir. 1996).

defense counsel believe that a protective order is necessary regarding this discovery, they should submit a consent protective order to the Court.

    AND IT IS SO ORDERED.

July 3, 2014                                                   s/R. Bryan Harwell
Florence, SC                                             R. Bryan Harwell
                                                          United States District Judge