UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wayne Boyd and Whitfield R. Boyd, | ) | Civil Action No.: 4:13-cv-00599-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Sysco Corporation, Sysco Corporation Group Benefit Plan, and United Behavioral Health, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Wayne Boyd and Whitfield Boyd seek benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. ECF No. 1. This matter is before the court on Plaintiffs' Motion to Compel, ECF No. 27, and Plaintiffs' Motion to have Requests for Admissions deemed admitted, ECF No. 28. Defendants filed Responses in Opposition to Plaintiffs' Motions, ECF No. 30, 31, and Plaintiffs filed a Reply, ECF No. 34. This matter is also before the court on Defendants' Motion for a Protective Order, ECF No. 32. Plaintiffs filed a Response in Opposition to Defendants' Motion for a Protective Order. ECF No. 35. These Motions were referred to the undersigned on September 19, 2014, and September 23, 2014, pursuant to 28 U.S.C. § 636. ECF Nos. 29, 33. Having considered the parties' briefs and related filings, the court grants Plaintiffs' Motion to Compel in part, denies Plaintiffs' Motion to have Requests for Admissions deemed admitted, and denies Defendants' Motion for a Protective Order.

I.  Background

1

Plaintiffs' Complaint includes a claim for unpaid health benefits and related relief pursuant to 29 U.S.C. § 1132(a)(1)(B) and a claim for penalties provided by 29 U.S.C. § 1132(c) for failure to provide documents when requested in November of 2012. ECF No. 1. After Defendants answered Plaintiffs' Complaint, *see* ECF No. 5, the court entered a Specialized Case Management Order, ECF No. 6, on April 23, 2013. There, the court instructed Defendants to produce: "(a) the governing plan document; (b) the summary plan description; and (c) the administrative record relevant to the particular claim at issue." *Id.* at 1. Thereafter, Plaintiffs filed a Motion for Discovery, ECF No. 15, and requested the court allow them to serve written discovery and conduct a 30(b)(6) deposition on the following issues:

> (1) Defendants' compilation of the record, including its now-conceded incompleteness; (2) The Plan document, and why it was not produced as ordered by this Court prior to Plaintiffs' insisting that such a document must exist; (3) Any claims management guidelines applicable to or considered by any of the Defendants; (4) The facts behind other health claims for which UBH provided claims processing services; (5) The failure to respond to the request for documents made in November 2012, for which a statutory penalty applies.

Plaintiffs requested discovery alleging that Defendants had initially produced an incomplete administrative record. ECF No. 15-1 at 5-6. Plaintiffs further alleged the documents Defendants produced on June 7, 2013, pursuant to this Court's Specialized Case Management Order were also incomplete. *Id.* at 6. Specifically, Plaintiffs maintain that Defendants omitted a telephone communication, internal communications, the Affidavit of Wayne Boyd, and the governing plan document from their production. *Id.* at 6-8. Additionally, Plaintiffs requested leave to serve Requests for Admissions and leave to be allowed written discovery and a 30(b)(6) deposition concerning conflict of interest or bias. *Id.* at 10. Over Defendants' objection and assertion that the court must only consider the administrative record, *see* ECF No. 16, the court granted Plaintiffs' Motion in part and allowed limited discovery. ECF No. 19.

In its Order, the court allowed Plaintiffs leave to serve one interrogatory requesting an explanation of the reason why the plan document was not originally produced. *See id.* at 6. Additionally, the court allowed Plaintiffs leave to serve requests for production regarding a complete copy of the services agreement and compensation agreement, the entire administrative record; the plan document, if not already produced, and claims management guidelines that were relied upon in making the benefit determination or which constitute a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination. *Id.* at 5-6. Finally, the court allowed Plaintiffs to serve up to five requests for admissions "regarding and limited to the failure to respond to the request for documents made in November 2012, for which a statutory penalty may apply as to the second cause of action." *Id.* at 6. The court instructed the parties to complete discovery by September 1, 2014. *Id.*

    II.    Plaintiffs' Motion to Compel

        a.  Interrogatory

In their Motion to Compel, Plaintiffs seek an order compelling Defendants respond or more fully respond to Plaintiffs' Interrogatory. ECF No. 27-1 at 1-3. Defendants maintain that they answered the single interrogatory permitted by the court but argue that Plaintiffs' interrogatory exceeds the scope of permissible inquiry. ECF No. 30 at 2-3.

In its July 3, 2014 Order, the court allowed Plaintiffs to serve "one interrogatory requesting an explanation of the reason why the plan document was not originally produced. This discovery is pertinent to the second cause of action under 29 U.S.C. Section 1132(c)." ECF No. 19 at 6. Accordingly, Plaintiffs served the following interrogatory on Defendants:

3

> Describe in detail, including each and every fact (whether an act of omission or commission), person involved, and pertinent dates the reason(s) Defendants failed to respond to the request on November 19, 2012 for "a full copy of the administrative record . . . includ[ing] all documentation or other information in the possession of the company relevant to the claim, including specifically any information that was not used, not considered, or rejected."

ECF No. 27-3 at 2. Defendants responded, verbatim:

> Defendants object that this interrogatory seeks information that is outside the scope of, and is not permitted by, the Court's order of July 3, 2014. Without waiving this objection UBH responds with the following information, about which the order allowed an interrogatory to be propounded: At the time the administrative record was compiled, defense counsel did not notice the Sysco Corporation Group Benefit Plan wrap document was not included in the plan documents UBH had supplied. Once plaintiff's counsel pointed out the omission, the document was obtained from Sysco and the administrative record was promptly supplemented.

*Id.* at 2-3.

Defendants failed to produce the Sysco plan documentation in response to a November 19, 2012 request and later failed to produce the Sysco Corporation group Benefit Plan wrap document in response to this court's April 23, 2013 Order. Defendants interpreted the July 19, 2014 court Order to allow an interrogatory "to an explanation of why the plan document was not produced as 'ordered by this Court,'" in the April 23, 2013 specialized case management order, ECF No. 6. ECF No. 30-1 at 3. However, the undersigned disagrees with Defendants' interpretation. The term "originally produced" from the court's July 3, 2014 order references the November 19, 2012 request or the first time Plaintiffs requested Defendants produce "all documentation or other information in the possession of the company relevant to the claim, including specifically any information that was not used, not considered, or rejected." Defendants' failure to produce these documents during the claims phase gives rise to Plaintiffs' second cause of action—hence the reason the court allowed Plaintiffs to serve limited discovery. *See* ECF No. 19 at 6 n.4.

4

Based on the undersigned's interpretation of the court's Order, Defendants have failed to respond fully to Plaintiffs' interrogatory. Therefore, Defendants are instructed to respond completely to Plaintiffs' interrogatory and specifically include **person(s) involved** in compiling the administrative record during the claims phase, **pertinent dates** of the compilation of the administrative record during the claims phase, **reason(s)** Defendants failed to respond to the request on November 19, 2012, and **other pertinent details** of the compilation process during the claims phase. Accordingly, Plaintiffs' Motion to Compel, to the extent it concerns Plaintiffs' interrogatory, is granted.

  b. Requests for Production

Plaintiffs request an order compelling Defendants produce the entire administrative record, or respond to Request for Production Number 3. ECF No. 27-1 at 3-4. Additionally, Plaintiffs request the court order Defendants to produce claims management guidelines, or respond to Request for Production Number 5. *Id.* at 4-6. Defendants maintain that a supplemented administrative record was produced in its entirety on September 11, 2014. ECF No. 30 at 3, 30-1 at 5. Therefore, Defendants maintain that they have adequately responded to Plaintiffs' discovery requests. *Id.* In Reply, Plaintiffs maintain there is no way to know whether Defendants have finally produced everything. ECF No. 34 at 4. Further, Plaintiffs indicate that Defendants offer no explanation for their withholding these documents and falsely representing that everything had previously been produced. *Id.*

Based on Defendants' assertions to this tribunal, the undersigned finds that Plaintiffs' Motion to Compel Defendants respond to production requests is now moot. *Price v. Town of Atl. Beach*, No. 4:12-cv-02329-MGL, 2013 WL 2156404, at *1 (D.S.C. May 17, 2013) (finding that a parties' receipt of responses to the discovery requests moots the issue complained of in the

motion to compel); *Crosby v. Ozmint*, No. 1:12-cv-440-MGL, 2013 WL 5306052, at *6 (D.S.C. Sept. 18, 2013) ("[It] appears that Plaintiff's motion is, in essence, a motion to compel, which is now moot in light of Defendants' undisputed assertion that they have since served Plaintiff with responses."). The undersigned was tasked with resolving Plaintiffs' Motion to Compel and ensuring Defendants responded to Plaintiffs' limited discovery requests. The undersigned can only rely on Defendants' representations to this court. Accordingly, the undersigned finds that as of the date of this order, Defendants have produced the entire administrative record and all requested management guidelines. Therefore, Plaintiffs' Motion to Compel as it pertains to the Requests for Production, ECF No. 27, is denied as moot.

      III.      Plaintiffs' Motion to have Requests for Admissions Deemed Admitted

Pursuant to Rules 36(a)(3) and 36(a)(6) of the Federal Rules of Civil Procedure, Plaintiffs move for an order of the court declaring Plaintiffs' Requests for Admission deemed admitted for the purposes of this case. ECF No. 28. Specifically, Plaintiffs maintain that Defendants' Responses to their First Set of Requests for Admissions, fail to comply with the mandates of Rule 36. ECF No. 28-1 at 3-4. Therefore, Plaintiffs maintain that "[h]aving failed, in their only timely response, to meet the Rule's requirement, Defendants should be deemed to have admitted the requests." *Id.* at 4.

      Rule 36(a), in its entirety, provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Defendants' responses were due on August 18, 2014. On August 18, 2014, Defendants responded to four Requests to Admit by maintaining: "Defendants investigation is continuing, therefore, Defendants are unable to admit or deny at this time." *See* ECF No. 30-1 at 6-7. Technically, Defendants' August 18, 2014 responses did not comply with the exact language of Rule 36(a), particularly the final sentence stating that the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party states that it *has made* reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." However, Rule 36(a)(6) allows a party to amend its answer by court order. Furthermore, Rule 36(b) allows a party, upon motion, to withdraw an admission or amend an admission by court order.

Defendants finalized their investigation and amended their responses to Plaintiffs' Requests to Admit eight days after their deadline. Pursuant to Rule 36(a)(6), the undersigned finds that Defendants are entitled to amend their August 18, 2014 responses with their supplemental responses served on August 26, 2014. Furthermore, the undersigned finds that the eight-day delay in finalizing their investigation will not prejudice Plaintiffs in this action. *See Nat'l Specialty Ins. Co. v. AIG Domestic Claims, Inc.*, No. 6:10-cv-00826-JMC, 2011 WL 1630948, at *4 (D.S.C. Apr. 29, 2011). Accordingly, the undersigned denies Plaintiffs' Motion to have Requests for Admissions Deemed Admitted, ECF No. 28.

IV.   Costs

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiffs seek an award of costs and seek leave to file an affidavit of counsel supporting this request. ECF No. 27-1 at 6.

Rule 37 (a)(5)(A) provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard,

7

require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Here, the undersigned granted Plaintiffs' Motion to Compel to the extent it concerns Plaintiffs' interrogatory. Concerning the interrogatory at issue, the undersigned finds that Defendants' interpretation of the court's July 3, 2014 order was reasonable. The undersigned notes that Defendants fully responded to Plaintiffs' Requests for Production Numbers 3 and 5 two days after Plaintiffs filed this Motion to Compel. However, though Plaintiffs indicate that they consulted with Defendants prior to filing their Motion to Compel, *see* ECF No. 27 at 2, Plaintiffs do not detail their attempts to resolve this discovery dispute in good faith prior to filing this Motion as required under Rule 37(a)(5)(A)(i) given Defendants' assertion that they were in the process of compiling the requested documents. Accordingly, the undersigned denies Plaintiffs request for costs and fees incurred in filing the Motion to Compel, ECF No. 27.

V.     Conclusion

The undersigned grants Plaintiffs' Motion to Compel, ECF No. 27, in part. Plaintiffs' Motion to Compel concerning the interrogatory is granted and Defendants are instructed to respond completely to Plaintiffs' interrogatory. Plaintiffs' Motion to Compel concerning Requests for Production 3 and 5 is denied as moot. Plaintiffs' Motion to have Requests to Admit deemed admitted, ECF No. 28, is denied. Based on the undersigned's resolution of Plaintiffs' Motions, Defendants' pending Motion for a Protective Order, ECF No. 32, is denied as moot.

IT IS SO ORDERED.

November 10, 2014                                              Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge