IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wayne Boyd ) | Civil Action No. 4:13-cv-00599-RBH |
| and Whitfield R. Boyd, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Sysco Corporation, ) | |
| Sysco Corporation Group Benefit ) | |
| Plan, and United Behavioral Health, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court in this ERISA action are the parties' cross motions for summary judgment as to the second cause of action, the ERISA penalty claim.[1] (ECF No. 45, Plaintiffs' Motion for Summary Judgment on Second Cause of Action and ECF No. 50, Defendants' Motion for Summary Judgment on ERISA penalty claim). The Complaint in this action alleges as a second cause of action failure of the administrator to provide information requested by a participant or beneficiary pursuant to 29 U.S.C. § 1024(b)(4), 1132(a)(1)(A), and 1132(c). In an order dated July 3, 2014, the Court allowed limited discovery relating to the second cause of action, including one interrogatory requesting an explanation of the reason why the plan document was not produced after the plaintiffs' initial request. The Court also allowed the plaintiffs to serve up to five requests for admissions regarding and limited to the defendants' failure to respond to the plaintiffs' request for documents made in November 2012. (ECF No. 19)

---

[1] The court may impose a penalty of up to $110 per day from the date of the failure to provide certain information concerning the plan. *See* 29 U.S.C. § 1132(c)(1) and C.F.R, Section 2575.502c-1.

1

## **Procedural History**

The plaintiffs allege that Plaintiff Wayne Boyd was an employee of Defendant Sysco Corporation and that his dependent son, Plaintiff Whitfield R. Boyd, was an insured under a group benefit plan sponsored by Defendant Sysco Corporation. Plaintiffs further allege that Defendant United Behavioral Health is the insurer and claims administrator for the mental health benefits provided by the plan. Plaintiffs' claim for mental health benefits under the plan was denied on October 18, 2011. (ECF No. 49-10, pp. 40-44, UBH 293-97) An internal appeal was denied on May 23, 2012. (UBH 291-92) A request for independent external review was made by the plaintiffs on November 19, 2012 and denied on February 6, 2013. (ECF No. 49-10, pp. 1-4; UBH 256-59) In the November 19, 2012 letter to United Behavioral Health Appeals Department requesting the independent external review, Plaintiffs' counsel also requested certain information. Relevant to the ERISA penalty claim, now before the Court, the letter stated on the first page thereof:

> I also hereby request, pursuant to applicable provisions of ERISA, a full copy of the administrative record. Please note that this request for the full record includes all documentation or other information in the possession of the company relevant to the claim, including specifically any information that was not used, not considered, or rejected.

(ECF No. 49-30, p. 1)

Plaintiffs attach to their memorandum the defendants' responses to their requests to admit as follows:

> 2. Admit that the letter attached as Exhibit A, along with the Affidavit of Whitfield Boyd, the Affidavit of Wayne Boyd, and a CD containing medical records listed in that letter were received by UBH via Federal Express on November 21, 2012.
> RESPONSE: UBH admits that after a diligent search, UBH has located the letter and the CD and therefore admits only that the

2

addressee Optum Health Houston Appeals received these on November 26, 2012.

(ECF No. 45-2, p. 2-3)

Finally, the facts are uncontroverted that the plaintiffs did not receive a response to the request for information.

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required

to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## **Applicable ERISA Law**

Section 1132(c)(1) of Title 29 of the United States Code provides:

> Any administrator . . . who fails or refuses to comply with a request for **any information which such administrator is required by this subchapter to furnish to a participant or beneficiary** (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. (Emphasis added)

Pursuant to the Debt Collection Improvement Act of 1996, the amount of the penalty set forth in the statute has been increased to $110 per day. 29 C.F.R. § 2575.502c-1.

ERISA's statutory disclosure provisions require an administrator to provide participants or beneficiaries with certain information.

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary [of Labor] may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

29 U.S.C. § 1024(b)(4). *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 116 (1989), citing H.R.Rep. No. 93-533, p. 11 (1973). (The purpose of the ERISA disclosure provisions is to ensure that "the individual participant knows exactly where he stands with respect to the plan.")

4

> The purpose of § 502(c)(1) is not to compensate participants for injuries, but to punish noncompliance with ERISA. *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488, 1494 (11th Cir.1993). Accordingly, prejudice to the party requesting the documents is not a prerequisite to the imposition of penalties. *See Moothart v. Bell*, 21 F.3d 1499, 1506 (10th Cir.1994). But prejudice is a factor that a district court may consider in deciding whether to impose a penalty. Id. The district court may also consider whether the administrator acted in bad faith. *See Rodriguez–Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 588 (1st Cir.1993).

*Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 (4th Cir. 1996).

The two most important factors guiding the discretion of the district court are prejudice to the plaintiff and "the nature of the administrator's conduct in responding to the participant's request." *Davis v. Featherstone*, 97 F.3d 734, 738 (4th Cir. 1996). "Frustration, trouble, and expense", including the "trouble and expense" of hiring an attorney are relevant factors for the court's consideration in deciding whether to impose a penalty. *Id.*

Defendants contend that Plaintiffs failed to make a sufficiently specific request for documents covered by the ERISA disclosure statute and, secondly, that they did not send their request to the entity required by law to disclose information concerning the plan.

**Specificity of Request**

Defendants contend that the plaintiffs' request for a full copy of the administrative record does not constitute a specific request for documents falling within Section 1024(b)(4). They assert that the documents referenced in Section 1024(b)(4) are the "formal or legal documents under which a plan is set up or managed", citing *Faircloth*, 91 F.3d at 653-54, and that the plaintiffs' broad request did not specify any of the documents mentioned in Section 1024(b)(4). Defendants also assert that, both Section 1024 and Section 1132 are contained in Subchapter I of Chapter 18 of Title 29, and that Congress did not intend to include documents referenced in regulations enacted pursuant to other

5

subchapters in ERISA's civil enforcement provision. *See* ECF No. 54, p.2, footnote 1. Plaintiffs contend that their request was sufficiently broad to cover the plan document and summary plan description, both of which are covered by the disclosure statute. They point particularly to their request for "all documentation or other information in the possession of the company relevant to the claim . . ." Plaintiffs rely upon *Mullins v. AT&T Corp.*, 424 Fed. App'x 217 (4th Cir. 2011). In *Mullins*, the plaintiffs requested a copy of the AT&T LTD policy and "a copy of all other plan documents concerning [the LTD] policy." *Id*. at 225. The Fourth Circuit held that this request was sufficient to notify AT&T that the response should include the summary plan description.

In *Faircloth*, the Fourth Circuit rejected the approach of a panel of the Ninth Circuit[2] that Section 1024(b)(4) "encompasses documents other than those under which a plan is set up or managed." The Fourth Circuit found that the statutory language of Section 1024(b)(4) is clear and unambiguous and that therefore it was not necessary to consult legislative history. The court cited dictionary definitions of "instrument" as a formal or legal document and held that "the language 'other instruments under which the plan is established or operated' encompasses formal or legal documents under which a plan is set up or managed." *Faircloth*, 91 F.3d at 653. The court also stated:

> We note, however, that if Congress had intended § 104(b) to encompass all documents that provide information about the plan and benefits, Congress could have used language to that effect. Instead, Congress used language limiting § 104(b)(4) to "instruments under which the plan is established or operated." The clear and unambiguous meaning of this statutory language encompasses only formal or legal documents under which a plan is set up or managed.

*Id*. at 654.

---

[2] *Hughes Salaried Retirees Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Pla*n, 39 F.3d 1002 (9th Cir. 1994), as amended (Feb. 13, 1995), opinion vacated on reh'g, 72 F.3d 686 (9th Cir. 1995).

6

In *Faircloth*, the Fourth Circuit found that requests for the IRS determination letter for the ESOP Plan, its bonding policy, and appraisal reports for stock and financial information did not relate to setting up or managing the plan and were accordingly not covered by the ERISA disclosure requirements. Regarding the meeting minutes of the ESOP, the court cited a DOL Advisory Opinion which found that certain meeting minutes would fall under the statute, but held that it did not need to decide whether meeting minutes could ever constitute formal or legal documents of the plan because the request was too broad. The court did, however, hold that the funding and investment policies of the plan were formal documents under which the ESOP was managed and that the request for these policies by name was clear. The court cited with approval *Anderson v. Flexel, Inc*., 47 F.3d 243, 248 (7th Cir. 1995), "holding that a request for documents under § 104(b)(4) necessitates a response from an administrator when it gives the administrator' clear notice' of the information sought."

The Court will now turn to the question of whether the request by the plaintiffs in the case at bar was sufficiently specific to give clear notice of a request for documents under which the plan is established or operated. Plaintiffs assert that their request for the complete record, including "all documentation or other information in the possession of the company relevant to the claim" encompassed at least the plan and the summary plan description, which are included within Section 1024(b)(4). The Court disagrees. The broad requests for the administrative file and all documentation relevant to the claim were not sufficiently clear to require the company to furnish the summary plan description, the plan itself, and other governing documents so as to impose a penalty upon the company for failing to furnish those documents. Unlike the request in *Mullins*, the request in the case at bar did not specifically refer to plan documents. The Court accordingly finds that the plaintiffs' request for "a full copy of the administrative record" did not provide clear notice that they sought the SPD and the

7

plan document and therefore the ERISA penalty provision does not apply.[3]

The plaintiffs also contend that the failure of the claims administrator to produce the claims file should subject it to a statutory penalty because regulations define the term "relevant" broadly to include documents demonstrating compliance with the administrative processes, and also those which are "a statement of policy or guidance with respect to the plan. . ." 29 C.F.R. §§ 2560.503-1(m)(8). Plaintiffs cite 29 U.S.C. § 1029(c), which provides that the Secretary of Labor may "prescribe the format and content of . . . any other . . .documents . . .which are required to be furnished or made available to plan participants and plan beneficiaries." In addition, they cite 29 C.F.R. § 2560.503-1(h)(2)(iii), stating that part of a full and fair review process is that the claims procedures must provide that the claimant shall be provided, free of charge, with "all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section." Paragraph (m)(8) provides that documents are relevant when they were relied upon in making the benefit determination,"[were] submitted, considered, or generated in the course of making the benefit determination, demonstrate[] compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) . . . or . . . in the case of a group health plan . . . constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8).

The Court first finds that the plaintiffs' requests were sufficiently clear to cover the claims file.

---

[3] The Court understands some of the plaintiffs' frustrations concerning the difficulty in obtaining the plan document, as referenced in counsel's affidavit filed in support of the motion for discovery. *See* ECF No. 15-2. As a result, the Court did take the unusual step of allowing limited discovery in an effort to remedy the situation, as allowed within the confines of Fourth Circuit case law and federal statutes.

8

However, the claims file is not covered by the ERISA disclosure statute. The regulations implementing 29 U.S.C. Section 1029(c) are found at 29 C.F.R. Section 2520.101-1 et seq. However, the regulation cited by the plaintiffs is 29 C.F.R. Section 2560.503-1. The regulation cited by the plaintiff implements 29 U.S.C. Sections 1133 and 1135, and relates to claims procedures. Although this regulation does require claims administrators to provide those appealing adverse claims determinations with claims information, the failure to provide the claims information does not fall under the ERISA penalty statute. This holding is consistent with *Faircloth*. *See also, Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2013 WL 1190782 at *11 (D. Md. March 21, 2013) (Claim guidelines are not formal or legal documents and therefore administrator was not liable for statutory penalty); *Vincent v. Lucent Technologies, Inc.*, 733 F.Supp.2d 729 (W.D.N.C. 2010) (No statutory damages awarded for failure to disclose the entire administrative record)

Therefore, the Court finds that the failure to produce the claims file does not support the imposition of a penalty.

**Plan Administrator**

The defendants contend that, even if the plaintiffs' counsel's requests were sufficiently clear and were covered by the disclosure statute, the plaintiffs did not make their request to the proper entity. Under the plan, Sysco is the plan administrator and United Behavioral Health is the claims administrator for the mental health benefits. The plan defines "Plan Administrator" as "the Company or its delegate." (UBH 0876, ECF No. 49-28, p. 9) The plan defines "Claims Administrator", regarding benefits that are insured, as "the insurance company insuring the benefit, or its designee." (UBH 0875, ECF No. 49-28, p. 8) The Plan Administrator may delegate its duties . . . by . . . (c) Obtaining clerical, accounting, claims administration, and actuarial assistance." (UBH 885)

The Summary Plan Description summarizes the powers and duties of the plan administrator as follows:

> The Plan Administrator has the discretionary authority to make all determinations including, but not limited to, interpreting the Group Benefit Plan and the Benefit Programs, prescribing applicable procedures, determining eligibility for and the amount of benefits, and authorizing benefit payments and gathering information necessary for administering the Group Benefit Plan and the Benefit Programs. The Plan Administrator may delegate any of these administrative duties among one or more persons or entities, which it has done by retaining claims administrators for certain of the Benefit Programs.

(ECF No. 49-1, p. 12, UBH 0012)

The insurance carriers "are responsible for administering the insured Benefit Programs. Specifically, the insurance carriers have ultimate responsibility for (i) determining eligibility for and the amount of any benefits payable under their respective insured Benefit Programs and (ii) prescribing claims procedures to be followed and the claim forms to be used by employees pursuant to their respective insured Benefit Programs." (ECF No. 49-1, p. 13, UBH 0013) The ERISA penalty provision applies to "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish . . . " 29 U.S.C. § 1132(c)(1). ERISA defines "administrator" as "the person specifically so designated" by the plan. 29 U.S.C. § 1002(16)(A).

Sysco delegated the claims administration for the mental health benefits to UBH. However, the parties have not cited any part of the plan indicating that it delegated its disclosure responsibilities. This Court's ruling is supported by the Fourth Circuit case of *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54 (4th Cir. 1992). In *Coleman*, the plaintiffs participated in a group health policy sponsored by an employer, Roofing Concepts, Inc. Nationwide Life Insurance Company was the insurer. Plaintiffs

10

argued that Nationwide breached its fiduciary duty in failing to fulfil the responsibility of providing employees the summary plan description and notice of material modifications. The court held that Roofing Concepts was the plan administrator and "as such, it bore the primary duty of notification with regard to the plan participants. . . While it is true that an insurer will usually have administrative responsibilities with respect to the review of claims under the policy, that does not give this court license to ignore the statute's definition of plan administrator and to impose on Nationwide the plan administrator's notification duties." *Id*. at 62.

In the case at bar, the plaintiffs' counsel sent the request for information to "Optum Health Houston Appeals". (Response to Request to Admit, ECF No. 45-2, p. 2) This was apparently the address for appeals of an unfavorable claim decision. Sending the request for documents to Optum does not give the plaintiffs the right to request imposition of a penalty. The claims responsibilities were delegated but not the disclosure responsibilities.[4] The defendants' motion for summary judgment is accordingly granted on this ground also.

## **Conclusion**

For the foregoing reasons, the defendants' [50] Motion for Summary Judgment is granted and the plaintiffs' [45] Motion for Summary Judgment is denied. This order pertains to the second claim in the complaint. The Court will issue an order at a later time ruling on the parties' cross motions for judgment.

---

[4] The plaintiff's reliance on *Law v. Ernst & Young*, 956 F.2d 364 (1st Cir. 1992) is misplaced. There, the plan documents gave an internal committee of a firm the responsibility for providing information concerning the plan, but the firm "in practice" performed the function. The court found that "[t]here was ample evidence here from which the district court could conclude that (the firm) itself controlled the provision of information concerning Law's ERISA plan." *Id*. at 373.

**AND IT IS SO ORDERED**.

September 3, 2015				s/R. Bryan Harwell
Florence, SC					R. Bryan Harwell
						United States District Judge